UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES S. SLAUGHTER, et al.,

        Plaintiffs,

        v.

CHRISTOPHER J. CHRISTIE, et al.,

        Defendants.

Civil Action No. 15-8327 (MAS)

**MEMORANDUM AND ORDER**

Lead Plaintiff Charles S. Slaughter and thirty nine other plaintiffs (collectively referred to as "Plaintiffs"), individuals confined by the State of New Jersey, seek to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.* When multiple plaintiffs seek to file a Complaint jointly and to proceed *in forma pauperis*, *each* plaintiff is required to submit his or her own application for *in forma pauperis* status. *See Hagan v. Rogers*, 570 F.3d 146 (3d Cir. 2009) (each of the litigants proceeding as joint plaintiffs must obtain *in forma pauperis* status in the event these litigants wish to prosecute their action *in forma pauperis*); *In re Bailey*, 388 F. App'x 124 (3d Cir. 2010) (same);

*see also Hairston v. Gronolsky*, 348 F. App'x. 716 (3d Cir. 2009) (regardless of the litigant's willingness or unwillingness to prepay the filing fee, each litigant's "legal obligation to pay the filing fee [or obtain IFP status is automatically] incurred by the initiation of the action itself").

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). In a case with multiple prisoners proceeding *in forma pauperis*, each prisoner will be assessed the full $350 filing fee. *See Hagan*, 570 F.3d at 155.

Plaintiffs may not have known when they submitted their complaint that they must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

In this action, Plaintiffs failed to submit completed *in forma pauperis* applications as required by 28 U.S.C. § 1915(a). Only the Lead Plaintiff, Charles S. Slaughter, submitted an *in forma pauperis* application. Plaintiffs must submit a completed *in forma pauperis* application for *each* named plaintiff. *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009); *Islaam v. Greco*, No. 12-7022, 2014 WL 672985, at *3 (D.N.J. Feb. 21, 2014).

**IT IS** therefore on this 1st day of December, 2015,

**ORDERED** that Plaintiffs' request to proceed *in forma pauperis* is hereby **DENIED WITHOUT PREJUDICE**; it is further

**ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this case, without filing the complaint or assessing a filing fee; it is further

**ORDERED** that the Clerk of the Court shall send **each** Plaintiff the form entitled Affidavit of Poverty and Account Certification (Civil Rights)(DNJ ProSe 007 A(Rev. 5/13)) to be used by Plaintiffs in any future application to proceed *in forma pauperis*; it is further

**ORDERED** that if Plaintiffs wish to reopen this case, they shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Order; Plaintiffs' writing shall include either (1) a complete, signed *in forma pauperis* application for **each** Plaintiff, including the certified six-month prison account statement for each Plaintiff, or (2) the $400 fee including the $350 filing fee plus the $50 administrative fee; it is further

**ORDERED** that upon receipt of a writing from Plaintiffs stating that they wish to reopen this case, and either the completed *in forma pauperis* applications or payment of the filing and

administrative fees within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiffs by regular U.S. mail.

_____
Michael A Shipp, U.S.D.J.