UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES S. SLAUGHTER, et al., : | |
| : | Civil Action No. 15-8327 (MAS) |
| Plaintiffs, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| CHRISTOPHER J. CHRISTIE, et al., : | |
| : | |
| Defendants. : | |

    Lead Plaintiff Charles S. Slaughter and thirty nine other plaintiffs (collectively referred to as "Plaintiffs"), individuals confined by the State of New Jersey, bring this civil action, asserting claims under 42 U.S.C. § 1983. The Court previously administratively terminated the case, because Plaintiffs neither submitted the proper filing fee nor submitted completed *in forma pauperis* applications under 28 U.S.C. § 1915. (*See* Order, Dec. 2, 2015, ECF No. 2.) Plaintiffs have since submitted the proper filing fee, and move to reopen the case. (*See* Pls.' Letter, ECF No. 16.) Plaintiffs also request service by the United States Marshal, and request that the Court grant their Motion to Proceed as a Class Action, ECF No. 1-5. *Id.* at 2. As Plaintiffs have not been granted *in forma pauperis* status, the Court is not required to provide service by the Marshal under § 1915, and the Court declines Plaintiffs' request.

    Furthermore, the Court denies class action certification. Rule 23 of the Federal Rules of Civil Procedure requires that in order for a plaintiff to obtain class action certification, four elements must be satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. Fed. R. Civ. P.

23(a). The Third Circuit, this Court, and other courts have all held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action. *See Lewis v. City of Trenton Police Dep't*, 175 F. App'x 552, 554 (3d Cir. 2006) ("Lewis, who is proceeding *pro se*, may not represent a putative class of prisoners."); *Alexander v. N.J. State Parole Bd.*, 160 F. App'x 249, 250 n.1 (3d Cir. 2005) ("[A] prisoner proceeding *pro se* may not seek relief on behalf of his fellow inmates."); *Abdur-Raheem v. N.J. Dep't of Corr.*, No. 15-1743 (MAS), 2015 WL 9049752, at *1 (D.N.J. Dec. 16, 2015); *Ali v. Jersey City Parking Auth.*, No. 13-2678, 2014 WL 1494578, at *8 (D.N.J. Apr. 16, 2014); *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) ("Every court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action") (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Avery v. Powell*, 695 F. Supp. 632, 643 (D.N.H.1988); *Ethnic Awareness Org. v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D. Wis. 1983)). Accordingly, the Court denies Plaintiffs' request for class certification.

IT IS therefore on this 26th day of February, 2016,

ORDERED that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

ORDERED that the Clerk shall file the Complaint and issue summons; it is further

ORDERED that Plaintiffs' Motion for USMS to Serve, ECF No. 1-6, is hereby **DENIED**; it is further

ORDERED that Plaintiffs' Motion to Proceed as a Class Action, ECF No. 1-5, is hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Plaintiffs by regular U.S. mail.

/s/ Michael A Shipp
Michael A Shipp, U.S.D.J.