<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHARLES S. SLAUGHTER, et al., | : : : | |
| Plaintiffs, | : : | Civil Action No. 15-8327-BRM-LHG |
| v. | : : | **OPINION** |
| CHRISTOPHER J. CHRISTIE, et al., | : : : | |
| Defendants. | : : | |

**MARTINOTTI, DISTRICT JUDGE**

This matter is opened to the Court on the following motions: (1) a motion to dismiss by Defendants Christopher J. Christie, Gary M. Lanigan, Vincent Prieto, Stephen Sweeney, David Thomas, and Sherry Yates (Dkt. No. 32); (2) two motions for class certification and pro bono counsel by Plaintiffs, forty *pro se* individuals who are current or former prisoners at the Adult Diagnostic Treatment Center ("ADTC") in Avenel, New Jersey (collectively, "Plaintiffs") (Dkt. Nos. 37 & 49); and (3) a motion to dismiss by Defendant Rutgers University (together with other defendants, "Defendants") (Dkt. No. 51). For the reasons set forth below, the motions to dismiss are granted, all claims in the Complaint are dismissed without prejudice,[1] and all other motions are dismissed as moot.

**I.    BACKGROUND**

---

[1] One defendant, Dr. Nancy Graffine, has yet to file a responsive pleading. However, as set forth below, the Court *sua sponte* dismisses all claims against Dr. Graffine, for the same reasons the claims against the other defendants are dismissed.

For the purposes of this Opinion, the Court accepts all facts alleged in the Complaint as true, and in the light most favorable to Plaintiffs. According to the Complaint, Plaintiffs are convicted sex offenders who are either current prisoners at the ADTC, or former prisoners who have been released and are now subject to Parole Supervision for Life, or its predecessor Community Supervision for Life (collectively referred to as "PSL"). (Dkt. No. 1 at 18-19.) Pursuant to 42 U.S.C. § 1983, Plaintiffs challenge the constitutionality of the state statutes that imposed their incarceration and PSL sentences. (*Id.*) Plaintiffs seek:

> [t]o have all convictions of individuals sentenced under any and all of the aforementioned statutes reversed and remanded for further review by the trial Courts. Further to have the Constitutionality of the aforementioned statutes reviewed, stayed from further implementation and use against any and all persons who have been or may be charged, indicted and subsequently convicted and sentenced under any provision or subsection of the afore mentioned statutes as they are now written and implemented.

(*Id.* at 21.)

## II.  LEGAL STANDARD

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). On a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a

2

"defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to accept its factual allegations as true, *see James v. City of Wilkes–Barre*, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

### III.  DECISION

Defendants in their motions argue that Plaintiffs fail to state a claim upon which relief may be granted. The Court agrees. The Complaint makes clear that Plaintiffs seek release from incarceration and the invalidation of their sentences. However, such remedies are not available in a § 1983 suit. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). PSL is a special sentence imposed upon sex offenders, *see State v. Schubert*, 212 N.J. 295, 307 (2012), and for the purposes of a federal habeas petition, parole or probation is considered a form of custody. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). Thus, those Plaintiffs who are not currently physically incarcerated, but are under PSL, are in custody for the purposes of this Opinion. As such, pursuant to *Preiser*, Plaintiffs' sole remedy for the relief they seek is through federal habeas petitions, not through § 1983.

To the extent that the Complaint may be construed as raising damages claims, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). As the Supreme Court explained:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

3

> order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. In *Wilkinson v. Dotson*, the Supreme Court further clarified its *Heck* holding, finding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. 74, 81-82 (2005).

Here, Plaintiffs challenge the constitutionality of the very statutes that have imposed their sentences and resulted in their current or former incarceration. In order for the Court to grant monetary relief, the Court must necessarily find that the imposition of their sentences was unconstitutional, and invalidate any and all incarcerations, past or present, imposed upon them. Under *Heck*, the Court is without jurisdiction to adjudicate such claims. Before such challenges can be brought, Plaintiffs must first seek to invalidate their sentences, either through a state court proceeding (for example, by making a challenge at one of their parole revocation hearings, or by seeking post-conviction relief), or through a federal habeas petition. Absent such invalidations, Plaintiffs are barred from raising any § 1983 claims concerning the constitutionality of these state statutes. In essence, *Heck* stands for the inescapable axiom that issues of criminal justice should be, and must be, resolved in the criminal justice system – convicts cannot perform an end run around this system with a civil lawsuit.

Accordingly, the motions to dismiss are granted, and the claims against Christopher J. Christie, Gary M. Lanigan, Vincent Prieto, Stephen Sweeney, David Thomas, Sherry Yates, and Rutgers University are dismissed without prejudice. *See United States v. Miller*, 197 F.3d 644, 652 n.7 (3d Cir. 1999) ("When a plaintiff files a § 1983 action that cannot be resolved without

4

inquiring into the validity of confinement, the court should dismiss the suit without prejudice.") (quoting *Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996)).  Additionally, because at least one plaintiff is a prisoner, the Court has the authority to *sua sponte* dismiss any claim in a civil action which is "frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1).  Thus, for the same reasons stated above, the Court dismisses without prejudice all claims against Dr. Nancy Graffine. Finally, since the Court is dismissing all claims in this matter, all other motions are dismissed as moot.

### IV.  CONCLUSION

For the reasons set forth above, the motions to dismiss (Dkt. Nos. 32 & 51) are **GRANTED** and all claims in the Complaint are **DISMISSED WITHOUT PREJUDICE**.  Plaintiffs' motions for class certification and pro bono counsel (Dkt. Nos. 37 & 49) are **DISMISSED** as moot.

**Date: November 16 2016**                                   **/s/ Brian R. Martinotti**
                                                                                   **HON. BRIAN R. MARTINOTTI**
                                                                                   **United States District Judge**