# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHARLES S. SLAUGHTER, et al., | :<br>:<br>: |
| Plaintiffs, | : Civil Action No. 15-8327-BRM-LHG<br>: |
| v. | :<br>: **MEMORANDUM AND ORDER** |
| CHRISTOPHER J. CHRISTIE, et al., | :<br>: |
| Defendants. | :<br>: |

**THIS MATTER** is before this Court on two letters from Plaintiff Daniel Stryker ("Stryker"), which the Court construes as a motion to stay an unspecified habeas petition. (ECF Nos. 60 & 62.) Stryker claims in his second letter, dated April 21, 2017, that he did not file his request for a stay under this case number. (ECF No. 62 at 1.) Nevertheless, the Court is unaware of any pending habeas petition filed by Stryker,[1] and his participation in this case is unrelated to any habeas claim. Here, Stryker was a member of a class of *pro se* plaintiffs (collectively, "Plaintiffs") who are current or former prisoners at the Adult Diagnostic Treatment Center ("ADTC") in Avenel, New Jersey. Those Plaintiffs proceeded with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. On November 16, 2016, the Court dismissed the Complaint, finding Plaintiffs' claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Order 3, Nov. 16, 2016 (ECF No. 57).)

---

[1] Stryker filed a habeas petition on June 5, 2017 (*see Stryker v. Yates*, No. 17-4044, ECF No. 1 at 4 (D.N.J.), but his letters seeking a stay were filed before that petition. Furthermore, that petition is not pending, as the Honorable Claire C. Cecchi, U.S.D.J. administratively terminated the petition on June 30, 2017.

The Court cannot grant the requested relief, because there is nothing to stay. Article III of the Constitution limits this Court's exercise of judicial power to "cases" and "controversies." *Town of Chester, N.Y. v. Laroe Estates, Inc.*, No. 16-605, 2017 WL 2407473, at *4 (U.S. June 5, 2017). "If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *Id.* (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). As such, without a properly filed habeas petition from Stryker, the Court has no judicial power to stay a non-existent case. To the extent Stryker seeks to proceed with a habeas petition, it appears he should do so in *Stryker v. Yates*, No. 17-4044, pursuant to Judge Cecchi's Order of June 30, 2017.

**IT IS** therefore on this 13th day of December, 2017,

**ORDERED** that Plaintiff Daniel Stryker's requests for stay, ECF Nos. 60 & 62, are hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve this Order upon Plaintiff Daniel Stryker.

*/s/   Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATE DISTRICT JUDGE**